January 23.
JUDGE GREEN.
■ In this case, the Judgment was by default for want of appearance; and according to the former decisions of this Court, the Statute of Jeofails does not apply to it.
The first objections taken, are to the Bail Bond; and first, that the Writ, being at the suit of Joseph D. Smith, executor of George Britton, and the Bail Bond reciting a Writ at the suit of J. D. Smith, administrator of G. Britton, the bond is, for this variance, fatally defective and void, under the 20th section of the 78th chapter of the Revised Code of 1819. It is doubtful, whether the hieroglyphic in the bond, of which the Clerk gives a fac simile, was intended for exor or admor; but, if it were the latter, I should not think that it vitiated the bond. The suit was by J. D. Smith, in his individual right, upon a bond given to him as executor of Britton. The addition of executor in the original bond, and of administrator if it was so, in the Bail Bond, were merely descriptive; and a variance in that description was not material. Under the Statute of 23 Hen. 6, ch. 7, from which this provision of our Statute is taken, it has been held, that an immaterial variance of the Bail Bond from the Writ, does not vitiate the bond; *as where the Writ was to answer A. in a plea of debt for 3001. and the Bail Bond, to answer of a' plea of debt only, not mentioning 3001. it was held to be good; “for, the Statute does not prescribe any strict form, but that it ought to be made to the Sheriff by his name of office, and to express the day and place of appearance; and though it vary in other *629 circumstances, it is not material.” Villens v. Hustings, Cro. Jac. 286; 2 Saund. 78.
The next objection is, that the bond is given to William Gibson, Sheriff of —--- County, without naming the County, of • which he was Sheriff. By the English Statute, the bond was required to be given to the Sheriffs, “only to themselves and by the name of their office:” and in Male v. Cowper, 2 Roll's Rep. 365, and in the same case in Palm. 378, it was held, that -the name of the County being in the margin, and the bond being given to A. B., "Sheriff of the aforesaid County, was void, not being given to the Sheriff in his name of office, which required that he should not only be named as Sheriff, but of what •County. But, in a subsequent case, Kirkebridge v. Wilson, 2 Lev. 123, it was held, that a bond given by N. W. and T. R. of the County of C. to J. R. Sheriff, (without •saying of what County,) to answer the Plaintiff generally, (without saying in what action,) was good. But, however this might be under the English Statute, which in terms requires the bond to be given to the “Sheriff by his name of office,” it is not necessary under our Statute, that the Sheriff’s name of office should appear; that requiring only, that the bond shall be payable “to the Sheriff as Sheriff;” and such is this bond.
The last objection taken to the Bail Bond, is, that the condition does not sufficiently designate the time and place of appearance. It recites the date and return •day of the Writ issued from the office of the Superior Court of Baw for the County of Fauquier; and that the Defendant shall “ ‘make his appearance agreeably to Baw, as the said Writ requires.” The words of the Court in Gardner v. Dugdale, *2 Show. 51, are a sufficient answer to this objection. “The Bail Bond to the Sheriff is to make the party appear according to the Writ; and not according to the condition of the bond; and the bail are, by virtue of the bond, engaged that he shall answer according to this Writ.” “Every bail ought, at his peril, to see and take notice of the Writ, before he be bound, and thereby he may know what it is he engages for. If he do otherwise, he is bound to do he knows not what; and he must suffer for it.” In respect to the condition of the bond prescribed by the Statutes, the English Statute and ours are verbatim the same.
An objection is taken to the proceedings at Rules; that it does not appear from the record, that the 2d day of July, the 6th day of August, and the 3d day of September, 1821, were the first Mondays of those months respectively, or the succeeding days; as if the Rules could not legally be taken on any day but the first Monday of a month, or the next day. Those days must have been within six days after the first Mondays in those months (within which ■the Rules may be taken) if the first Mondays occurred on or before the 2d, 6th, and 3d days of those months respectively ; and I think that the Clerk stating that the Rules were taken on those days it ought to be presumed, that they were taken on the legal Rule days. If there had been any irregularity in this respect, the Court below was the proper tribunal to correct it. At all events, a Judgment should be reversed on that ground, without resorting to a Certiorari, or inspecting the Almanacs of that year.
The next objection is, that this being a bill, promising to pay a sum of money on demand, under a penalty, and there being no averment of a special demand, the penalty was not incurred; nor could Judgment be rendered for interest, without a Writ of Enquiry ascertaining the time of the demand; since the party was not in default until demand made and refusal to pay. The cases to which we have been referred, only prove, that an obligation to *do something collateral upon demand, under a penalty, cannot be the foundation of an action, until demand made, and a failure to do the thing stipulated to be done. But, an obligation to pay money on demand, is evidence of a present debt payable instanter, and the Writ isa demand, which entitles the Plaintiff to the penalty. The interest is allowed, not because the, penalty is forfeited, but because the debt was, from the beginning, due and payable. However refined the doctrine may be, that the institution of the action is a demand which entitles the party to sue, it is so convenient and just, and so settled by authority, that I yield a ready assent to it.
The last objection taken, is, that the venue is laid in the County of Culpepper, whilst the action was in Fauquier.
In England, the venue is material as serving for a direction as to what County, the issue, if any should be made up, is to be sent for trial; but even there, it is of such little consequence, that the venue generally determined by the name of the County written in the margin of the Declaration, as with us, if it be wrong, does not hurt; and if it be right, helps; as, if the venue in the margin be wrong, and that in the body of the Declaration be right, or vice versa. With us, it is of no consequence whatever, in transitory actions, as I believe all personal actions are. For, upon a Declaration filed in the Court of Fauquier, stating the contract to be made in Culpepper, the Court of Fauquier is the proper tribunal to try it, if the party is arrested in that County, unless he is an inhabitant of another County, and moves to dismiss the suit for that cause.
The Judgment should be affirmed.
JUDGES CARR and CABEBB concurred, and the Judgment was affirmed.*